Southern Home Building & Loan Association *v*. John T. Butt et al.

Agency. *Evidence. Declarations.*

> The declarations of a person assuming to act as the agent of another cannot alone prove the agency.

From the circuit court, second district, of Coahoma county.

Hon. F. A. Montgomery, Judge.

John T. Butt and another, the appellees, were plaintiffs in the court below; the Southern Home Building & Loan Association, appellant, was defendant there. The appellees were members of a co-partnership doing business under the name Butt & Butt, and were practicing lawyers. The opinion states the additional facts.

*R. H. Wildberger,* for appellant.

It is an elementary principle that the agency cannot be proven by what the agent said (*Memphis, etc., R. R. Co.* v. *Cocke,* 64 Miss., 713), yet the court admitted all the evidence of plaintiffs of what the unnamed stock solicitor said about his agency and authority.

There was no shadow of proof in all the correspondence of any approval of any acts of either of plaintiffs as attorneys, nor tending to show that the association regarded them as general attorneys.

"An attorney's claim for professional services against persons *sui juris,* or against the property of such person, must rest upon a contract of employment, express or implied, made with the person sought to be charged or his agent." Am. & Eng. Enc. L., vol. 3, 435, and notes.

*Alexander & Alexander,* on same side.

Appellees claim that a traveling agent made the contract for the association. Now, it is elementary that in such cases the authority of the agent to bind the principal must be shown. No citations are necessary to sustain this proposition. The exact point has been decided in this state. *Bush* v. *Brewing Association,* 69 Miss., 200.

There is absolutely no proof as to the extent of this unknown man's authority. Surely it cannot be thought that the power to bind an association in a matter so important as a permanent retainer of attorneys can be presumed. There is nothing to show ratification.

*McWillie & Thompson,* for appellees.

The proof of the agency of the traveling solicitor of appellant, and appellees' employment by him for his principal was submitted to the jury and found to be satisfactory. There was at least evidence tending to show agency, independent of the proof of ratification, and the correspondence between our dis-

tinguished clients, the appellees, and the appellant shows a ratification of the employment by the building and loan association itself.

The doctrine that the declarations of a person assuming to act as the agent of another are insufficient to prove the agency ought not to have application where the question, as here, is one merely as to the extent of an admitted agent's power, or the extent of his agency. Surely it can have none in this case where there is, in addition, proof of ratification by the principal of the agent's acts.

Terral, J., delivered the opinion of the court.

The appellees sued appellant for attorney fees in five distinct collections of as many claims, in the sum of $339.50, and recovered judgment for $150.52. The plaintiffs below sought to prove their general retainer as the attorneys of the defendant association in all their business at Clarksdale and neighborhood by the declarations of the traveling agent, who established the branch agency at Clarksdale. The plaintiffs sought to prove that collections made by other persons should have been placed with them. There was no evidence of his authority to engage counsel for the company except his unsworn statement. The burden of proof lay upon the plaintiff, and it is the uniform authority of the books that the declarations of one assuming to act as the agent of another are insufficient to prove the relation. 1 Am. & Eng. Enc. L., 969.

The plaintiff by their evidence failed to show any cause of action against the defendant, and the verdict and judgment should have been for the building and loan association.

*Reversed and remanded.*